Terry Wallace
P. O. Box 5566
Missoula, MT 59840
Telephone: (720) 207-8105
Facsimile: (406) 721-1892
twallace23@yahoo.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| T-4 CORPORATION,<br><br>Plaintiff<br><br>vs.<br><br>MCDONALD'S CORPORATION, LEO BURNETT COMPANY, INC., PUBLICIS GROUPE, and Does 1 through 10<br><br>Defendants. | CV-17-_____<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 USC 1114; 15 USC 1125(A); 15 USC 1125(C); 15 USC 1125(D); 15 USC 1065; MCA TITLE 30 ET SEQ; AND RELATED CLAIMS<br><br>JURY DEMANDED |

Plaintiff, by and through its attorney, Terry Wallace, by way of Complaint against Defendants, alleges as follows:

## I. PARTIES

1.1 Plaintiff is a Montana corporation doing business in Montana and elsewhere, selling consumer products, oral hygiene products, decorated apparel, lotions, promotional items, printed matter and other products to individuals and busi-

nesses. Plaintiff also offers its products for sale on an internet website known as t4products.com.

1.2  On information and belief, Defendant McDonald's Corporation (hereinafter referred to as "McDonald's") is a Delaware corporation doing business in the State of Montana and elsewhere.

1.3  On information and belief, Defendant Leo Burnett Company, Inc. (hereinafter referred to as "Burnett"), and Publicis Groupe are corporations doing business throughout the United States and elsewhere. Publicis Groupe is a parent organization of Burnett.

1.4  On information and belief, Does 1 through 10 are persons and/or entities presently unknown to Plaintiff who may have liability or obligations to Plaintiff under the facts and circumstances in this cause who may be joined in this cause by proper proceedings in this Court.

## II. JURISDICTION AND VENUE

2.1  Plaintiff realleges all preceding allegations.

2.2  This is an action for violation of 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d); and for related claims arising under the State of Montana's Unfair Trade Practices and Consumer Protection Act, Title 30, MCA. Plaintiff further alleges that Defendants engaged in a civil conspiracy against Plaintiff.

2

The course, scope and furtherance of said conspiracy involved the acts and conduct hereinafter alleged.

2.3  This court has jurisdiction of this action under 15 USC 1121and 28 USC 1131, 1338 and 1367.

2.4  Venue is proper in this district under 28 USC 1391.

### III.  JURY DEMAND

3.1  Plaintiff demands a jury for all issues in this case triable as such.

### IV.  OPERATIVE FACTS

4.1  Plaintiff realleges all preceding allegations.

4.2  Plaintiff has expended considerable sums of money, as well as the talent, time and effort by its principals, in the research, creation, drafting, market testing, legal work, administration and marketing of the trademark and copyright registration of its ♥'N trademark and copyright.

4.3  Plaintiff's trademark ♥'n was approved and registered ♥'n, no. 3,197,100, dated January 9, 2007, and ♥'N, no. 4,304,841, dated March 19, 2013, (herein identified as ("♥'N") with the United States Patent and Trademark Office. ♥'n and ♥'N represent the word "Lov'n" or "Lovin'." Registrations during all times herein mentioned were and are valid and in good standing. Plaintiff has continuously

used said mark in connection with its ongoing efforts to promote and use the mark for its own gain and benefit.

4.4 Plaintiff's trademark described above has also been copyrighted in the United States Copyright Office under registration no. TXu001347097, issued February 2, 2007.

4.5 On information and belief, prior to February 1, 2015, Defendant Burnett, without consent or knowledge of Plaintiff, acting by and through one or more Does, for the sole purpose of its financial gain, took and used Plaintiff's trademark for itself and sale to others. Defendant Burnett, using Plaintiff's trademark, fashioned, negotiated, sold and provided a commercial advertising campaign to Defendant McDonald's. Defendant Burnett presented and used Plaintiff's trademark as its own. McDonald's used the above-described advertising campaign that Defendant McDonald's obtained from Defendant Burnett using Plaintiff's trademark to transmit Plaintiff's trademark to millions of persons through multimedia, such as in-restaurant displays, oral communication, television, internet and other means. The multimedia and means used to publicize, convey and display McDonald's advertising and promotions were viewed by millions of persons.

Neither Defendants McDonald's nor Burnett have paid or offered to pay or compensate Plaintiff for their use of, or the benefit they obtained from, Plaintiff's trademark.

4

4.6 From approximately February 2, 2015 through February 14, 2015, McDonald's conducted and placed Plaintiff's trademark in public, commercial advertising and promotion of McDonald's goods, services and restaurants in various places and on diverse multimedia, such as in its restaurants; on social media such as Facebook, Twitter, Google, Tumblr, Pinterest, and email; on national television; on the internet; and in other advertising media. On information and belief, Burnett created and sold, and McDonald's engaged in, an advertising campaign entitled "McDonald's® Pay With Lovin' Instant Win Game ("Game")" that used Plaintiff's trademark. The game was advertised in a McDonald's commercial that aired during the National Broadcasting Company's February 1, 2015 Super Bowl XLIX broadcast. The Game began inside participating McDonald's restaurants in the 50 United States and D.C. beginning on February 2, 2015, and ending on February 14, 2015. McDonald's engaged in direct and in-person customer contact in its restaurants with stickers bearing Plaintiff's ♥'N trademark that its employees applied to customers' clothing, and used Plaintiff's ♥'N mark in other diverse advertising and promotional media.

On or about February 5, 2015, Plaintiff discovered that Defendants, by and through the above-described advertising activities of Defendant McDonald's, had, without Plaintiff's consent, counterfeited and misappropriated Plaintiff's registered ♥'N trademark as their own for their own use and gain. Upon learning of this,

Plaintiff issued and served its cease and desist demand letter to McDonald's. McDonald's, however, continued to use Plaintiffs mark as aforesaid for a period of time without consent or any contact with Plaintiff in any manner in total disregard to the ownership rights of Plaintiff.

4.7 Defendant Burnett counterfeited, appropriated and assumed possession of Plaintiff's trademark and, for its gain and profit, sold or transferred Plaintiff's trademark to McDonald's. Defendant McDonald's took control of Plaintiff's ♥'N trademark, and, on information and belief, distributed it as its own graphic image on Facebook, Twitter, Google, Tumblr, Pinterest, e-mail, internet and television broadcast to millions of persons by means of its promotional advertising. McDonald's presented Plaintiff's ♥'N mark as its own, for its destination identifier, product promotion, identification and persuasion. McDonald's did this to encourage proposed customers to patronize McDonald's for purchase of McDonald's food and beverages. McDonald's printed an ownership statement upon its printed promotional advertising media, including stickers that it placed on customers' clothing and elsewhere to support its claim of ownership.

4.8 On information and belief, Defendants had knowledge of, and were familiar with, Plaintiff's ♥'N trademark because it was filed in the public records, including the Principal Register, and thereby gave notice of Plaintiff's ownership rights in its federally-registered mark prior to Defendants' infringing use of Plain-

6

tiff's trademark. Furthermore, McDonald's continued to use said mark after Plaintiff notified it of the infringement. As such, Defendants' conduct is deliberate and intentional and specifically intended to enrich Defendants and to harm and damage Plaintiff.

Defendant McDonald's further use of Plaintiff's ♥'ɴ mark is likely to cause confusion and mistake, and to mislead and deceive third-parties as to the affiliation, connection or association of Defendants with Plaintiff and as to whether or not Plaintiff if affiliated with the origin, sponsorship, or approval of Defendants' goods, services or other commercial activities.

4.9 Defendant McDonald's visually recorded its customers and other members of the public in connection with its use of Plaintiff's trademark. Said persons were unsuspecting, unwary victims ("Participant") of McDonald's "Game." The McDonald's restaurant's Lovin' Lead managers would publicly ask the unofficial winner "Participant" to publicly execute a random act of Lovin' (the "Lovin' Act"). Lovin' Acts were designated by the Lovin' Lead and included things like fist bumping the Lovin' Lead, calling a loved one, telling the Lovin' Lead what the Participant loved about their significant other, blowing a kiss, or other general sentiment or Lovin' Act in the theme of the Game, subject to the Lovin' Lead's discretion and completed to the Lovin' Lead's satisfaction. The Participant was asked to perform a personal public activity in front of the cash register, with other customers observ-

7

ing and being entertained at their expense. After performing the "Lovin' Act," McDonald's employees put a sticker on the Participant's clothing bearing Plaintiff's ♥'n trademark. The combination of the public performance and sticker as payment for the customer's order was insulting, humiliating and demeaning. There was personal and public repulsion and outcry about the requirement for the victimized customers to be publically placed into a position from which they could not gracefully retreat or object, to be coerced into performing, and to have to perform some ridiculous activity which was directly connected to Plaintiff's ♥'n mark. The ♥'n mark was identified with the point in time of their embarrassment. This served to demean, dilute and devalue the inherent quality of good will represented by the trademark.

4.10 Defendants' use of the Plaintiff's ♥'n mark devalued the ♥'n mark and made it repulsive and unappealing to the public, which resulted in irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will suffer further irreparable harm unless this Court enjoins Defendants' further conduct. McDonald's activities with Plaintiff's ♥'n trademark forever exposed Plaintiff's trademark internationally as being owned by and/or affiliated with McDonald's.

4.11 Defendants' deliberate and intentional conduct was specifically intended to enrich Defendants, regardless of the harm and damage to Plaintiff. Defendants' use likely caused confusion, mistake and deceived third-parties as to the affiliation,

8

connection or association of Defendants with Plaintiff's ♥'ɴ mark and as to whether or not Plaintiff has anything to do with the origin, sponsorship, or approval of Defendants' goods, services or other commercial activities. Defendants' use of Plaintiff's ♥'ɴ mark to entice potential customers, and to use unwilling, unwary victims to perform public personal acts in the McDonald's restaurants, misrepresents the use of Plaintiff's mark ♥'ɴ. Defendants used Plaintiff's ♥'ɴ mark in a manner that misrepresents that Plaintiff is involved or affiliated in some way with Defendant McDonald's nature, characteristics, qualities and/or geographic origin of Defendant McDonald's goods, services and commercial activities in which Plaintiff is not involved or affiliated.

4.12 Defendants have willfully infringed upon and diluted Plaintiff's ♥'ɴ trademark, which mark is inherently distinctive and famous within the meaning of 15 USC 1125(c).

4.13 Because of the manner and method of Defendants' trademark infringement in this case, it is difficult for Plaintiff to determine the exact volume of, or damage value caused by, their infringement. Thus, Plaintiff seeks reasonable and/or statutory damages. Said damages are proper and appropriate in this action as the Court may determine. Reasonable damages may be calculated as a multiple of the price for Defendants' use of the infringed ♥'ɴ trademark, the same as if Defendants had requested, and paid for, Plaintiff's permission, or by using some other

9

manner of calculation which may equal such calculation, in accordance with the statutory damages set forth in 15 USC 1117(c), Lanham Act Section 35(c). Plaintiff is entitled to damages to compensate Plaintiff and to deter the infringer Defendants.

4.14 Defendants' conduct has occurred, and has caused damage to Plaintiff, in this District and elsewhere.

## V. FIRST CLAIM FOR RELIEF – VIOLATION OF 15 USC 1114

5.1 Plaintiff realleges all preceding allegations.

5.2 Defendants' use of Plaintiff's ♥'N trademark and their linkage of it to Defendants' advertising, promotion, goods and services is a violation of 15 USC 1114(1)(a) in that Defendants have, without the consent of Plaintiff who is the registrant of the ♥'N trademark, used in commerce a reproduction, counterfeit, copy, or colorable imitation of that registered ♥'N mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendants. Defendants have used the imitation ♥'N mark in such a manner as is likely to deceive or to cause confusion or mistake.

5.3 Defendants' use of Plaintiff's ♥'N trademark, and their linkage of it to Defendants' advertising, promotion, goods and services, is a violation of 15 USC 1114(1)(b) in that the Defendants have wrongfully appropriated Plaintiff's trademark ♥'N, without the consent of Plaintiff, who is the registrant of the ♥'N trade-

mark. McDonald's used Plaintiff's trademark in commerce with a reproduction, counterfeit, copy, or colorable imitation of that registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendants. Defendants have used the imitation ♥∙N mark in such a manner as is likely to deceive or to cause confusion or mistake.

5.4 Defendants' above-described acts were committed with knowledge that the imitation was intended to be used without regard as to whether the imitation would deceive or cause confusion or mistake.

5.5 Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of reasonable damages in such sum as the Court or jury may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages, a multiple of the price for the use of the Plaintiff's trademark the same as if Defendants had requested and paid for Plaintiff's permission, in an amount not to exceed one million dollars ($1,000,000.00) as provided by law. Either reasonable or statutory damages include Plaintiff's costs of the action, together with its reasonable attorney fees.

## VI. SECOND CLAIM FOR RELIEF – VIOLATION OF 15 USC 1125(a)

6.1 Plaintiff realleges all preceding allegations.

6.2 Defendants have violated 15 USC 1125(a) in that they have, on or in connection with Defendants' goods or services, used Plaintiff's ♥∙N mark, which repre-

11

sents a false or misleading misrepresentation of fact likely to deceive or cause confusion or mistake as to the affiliation, connection or association of Defendants with Plaintiff's ♥'N mark, which is likely to deceive or cause confusion or mistake as to the affiliation of the mark with McDonald's goods, services and/or restaurants.

6.3 Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC 1117(a). Damages are the reasonable damages sustained by Plaintiff to be determined and be assessed as the Court or jury may find just according to the circumstances of the case, and the costs of the action together with Plaintiff's reasonable attorney fees.

## VII. THIRD CLAIM FOR RELIEF – VIOLATION OF 15 USC 1125(c)

7.1 Plaintiff realleges all preceding allegations.

7.2 Defendants' misappropriation and wrongful use of Plaintiff's ♥'N trademark has caused dilution of, and undermined, the inherently highly-distinctive quality of Plaintiff's ♥'N trademark. Plaintiff's mark is inherently highly distinctive and is famous within the meaning of the statute and Defendants' use of the ♥'N mark in commerce began after Plaintiff's distinctive mark became famous.

7.3 Defendants willfully intended to preempt Plaintiff's ♥'N mark; to cause dilution of Plaintiff's mark by their use of the ♥'N mark; to deprive Plaintiff of income; and/or to undermine Plaintiff's new or potential market for its trademarked

goods. Defendants may continue or again usurp Plaintiff's trademark and its rights unless they are enjoined from doing so.

7.4 Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC 1117(a). Damages are reasonable damages as the Court may find just according to the circumstances of the case, together with Plaintiff's reasonable attorney fees and costs.

## VIII. FOURTH CLAIM FOR RELIEF – VIOLATION OF 15 USC 1125(d)

8.1 Plaintiff realleges all preceding allegations.

8.2 Plaintiff owns the ♥'ɴ copyright, no. TXu001347097, registered with the United States Copyright Office, depicting Plaintiff's extensive and diverse applications.

8.3 In order to assist in their advertising and promotions, Defendants have infringed all of the registered material related to Plaintiff's registered copyright by depicting it or otherwise using and making it available without Plaintiff's consent.

8.4 Defendants' conduct has been in willful violation of Plaintiff's copyright ownership. The specific acts of infringement prior to, and including, January and February, 2015, are representative of the possible broader pattern of infringement in which Defendants more than likely will make use of the content of Plaintiff's copyright.

13

8.5 Defendants' conduct violates several of the exclusive rights under 17 USC § 106 belonging to Plaintiff as owner of the copyright in its content which are the subject of copyright registration that Plaintiff has filed with the Register of Copyrights.

8.6 Defendants' infringing conduct has caused, and may cause, irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law

## IX. FIFTH CLAIM FOR RELIEF – VIOLATION OF 15 USC 1125(d)

9.1 Plaintiff realleges all preceding allegations.

9.2 Defendants' conduct in their nonconsensual use of Plaintiff's ♥'ᴺ trademark, and their conduct as alleged in the operative facts, constitute unfair business practices under Montana State Unfair Business Practice-Montana Consumer Protection Act, MCA, Title 30 et seq., for which Defendants are jointly and severally liable for all damages proximately caused to Plaintiff. Plaintiff is further entitled to injunctive relief, attorney fees and damages as therein provided.

## X. SIXTH CLAIM FOR RELIEF – CIVIL CONSPIRACY

10.1 Plaintiff realleges all preceding allegations.

10.2 Defendants entered into a civil conspiracy to unlawfully and unfairly misappropriate Plaintiff's ♥'ᴺ trademark and enrich themselves by taking the benefit of

the inherent quality, goodwill, prestige, universal recognition, acceptance, reputation and benefits which Plaintiff may derive from its registered ♥'ɴ trademark. Defendants have by their conduct misappropriated and used Plaintiffs unique and distinctive ♥'ɴ trademark, damaging Plaintiff by tarnishing, misusing, diluting and diminishing the mark's inherent quality, goodwill, prestige, universal recognition, acceptance, reputation and benefits.

10.3  Defendants are jointly and severally liable for damages incurred by Plaintiff which will be proven at trial, or in the alternative, reasonable damages under the circumstances that the Court or jury may find to be appropriate in this case. Defendants are further liable for the costs that Plaintiff incurs in the prosecution of this action.

10.4  Defendants jointly and severally took and used Plaintiff's ♥'ɴ trademark with full knowledge of Plaintiff's ownership of its ♥'ɴ trademark. They disregarded that fact to create a high probability of injury to Plaintiff and deliberately proceeded to wrongfully usurp and use Plaintiff's ♥'ɴ trademark in conscious or intentional disregard to the high probability of injury to Plaintiff. As such, Defendants proceeded to act with indifference to the high probability of injury to Plaintiff and are liable therefore to Plaintiff for punitive damages under § 27-1-220, MCA.

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff against Defendants jointly and severally as follows:

1. That the Court enter judgment in favor of Plaintiff for all damages proximately caused and/or withheld from Plaintiff, equal, at a minimum, to the price paid by Defendant McDonald's to Defendant Burnett, and/or a reasonable royalty, whichever is greater, and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action.

2. That the Court find that Defendants have violated 15 USC 1114 and grant Plaintiff permanent injunctive relief against Defendants, together with damages, pursuant to 15 USC 1117(a)(c) and award reasonable damages in such amount as the Court in its discretion shall find to be just; that the Court in the alternative, if elected by Plaintiff, award statutory damages against Defendants;

3. That the Court find that Defendants, jointly and severally, have violated 15 USC 1125(a) and grant Plaintiff permanent injunctive relief together with damages, pursuant to 15 USC 1117 (a)(c) and the costs of the action; said amount to be trebled; that the Court award Plaintiff its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just.

4. That the Court find that Defendants have violated 15 USC 1125(c) and grant Plaintiff permanent injunctive relief, together with reasonable damages, pursuant to 15 USC 1125(a)(c) and the costs of the action; said amount to be trebled; that the

Court award Plaintiff its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just.

5. That the Court find that Defendant McDonald's has violated 15 USC 1125(d) and grant Plaintiff permanent injunctive relief; order reasonable damages pursuant to 15 USC 1117(a)(c) and the cost of this action; said amount to be trebled; that the Court award Plaintiff attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just; that the Court in the alternative, if elected by Plaintiff, award Plaintiff statutory damages as provided by law.

6. That the Court find that Defendants have violated Title 30, MCA, and grant Plaintiff permanent injunctive relief against them, together with reasonable damages; said amount to be trebled; and that the Court award Plaintiff its attorney fees and costs.

7. That the Court find that Defendants engaged in a civil conspiracy and award Plaintiff reasonable damages therefor, together with costs of suit.

8. That the Court find that Defendants, jointly and/or severally have committed actual fraud or actual malice and award, in addition to compensatory and/or other damages, punitive damages for the sake of example and for the purpose of punishing Defendants, all as provided under § 27-1-220, MCA.

9. That this Court award such other and further relief as it deems just, appropriate and equitable in the premises.

Dated January 20, 2017.

/s/Terry Wallace
Terry Wallace